IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY BURNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-186 |
| | ) | |
| HILTON HALL, Warden, and | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is seeking to proceed *in forma pauperis* ("IFP"), and requests a stay and abeyance. (Doc. nos. 3, 4.) Because Petitioner has filed a successive application without first obtaining a certificate of appealability from the Eleventh Circuit Court of Appeals, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP, (doc. no. 3), and motion for stay and abeyance, (doc. no. 4), be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

Petitioner attempts to challenge his 1998 conviction for murder in the Superior Court of McDuffie County, Georgia. Petitioner is well-known to the Court as a serial filer of habeas corpus petitions. Whether by habeas corpus petition or improper civil rights action,

Petitioner has made *at least* ten attempts to challenge his state conviction. See Burnett v. Chatman, CV 109-152, doc. no. 8, pp. 1-2 (S.D. Ga. Dec. 18, 2009) (discussing Petitioner's prior filing history), *adopted by* doc. no. 13 (S.D. Ga. Mar. 10, 2010). Both the District Court and the Eleventh Circuit Court of Appeals refused to issue a Certificate of Appealability to allow Petitioner to challenge the dismissal of Petitioner's last successive petition from 2009. Id., doc. no. 20; Burnett v. Chatman, No. 10-11297-H, slip op., p. 1 (11th Cir. July 6, 2010).

## II. DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records,[1] the Court **FINDS** that Petitioner has filed prior applications for a federal writ of habeas corpus, thereby making the current application successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Here, Petitioner does not state that he has either sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition in this Court. Without such authorization, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ."). As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP, and his motion for stay and abeyance be **DENIED AS MOOT** (doc. nos. 3, 4), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA